This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 31,803**

**DENNY JAMES GOLDEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals his conviction of driving while intoxicated. In our notice, we proposed to hold that a sufficient foundation was laid for admission of the breath alcohol test results and that the district court did not err in denying Defendant's motion to suppress evidence. Defendant has timely responded. We have considered his arguments and, finding them unpersuasive, we affirm the judgment.

In our notice, we pointed out that as long as the breath test was done in accordance with SLD regulations, foundational requirements are satisfied. *See State v. Martinez*, 2007-NMSC-025, ¶¶ 11-12, 141 N.M. 713, 160 P.3d 894. We stated that admissibility depended on the officer's testimony regarding compliance with SLD regulations. We proposed to hold that the officer's testimony here was sufficient as he stated that he saw an SLD certificate for the machine taped to the wall near the machine and that the copy of the certificate appeared to be accurate and covered the time that the testing occurred. [CN2] Moreover, he conducted the test pursuant to SLD regulations.

Defendant continues to argue that the testimony of the officer was not sufficient to establish a foundation for admission of the test results. We recognize that the officer was not able to answer questions relating to particular SLD regulations regarding the machine that he used. However, he was able to testify that there was a

2

current SLD certificate for the machine that he used. And, he testified that he used SLD-mandated procedures to perform the test. That is all that the law requires. *Id.* ¶ 12. Therefore, we affirm the admission of the breath test results in this case.

In our notice, we also proposed to hold that there was reasonable suspicion to support the traffic stop here. The officer testified that he observed Defendant's truck cross the yellow line several times and then move back into its lane of traffic. Defendant argues that the video of the encounter showed only two minor crossings of the line as opposed to the officer's testimony of three crossings. He argues that two minor crossings of the center line are insufficient to amount to reasonable suspicion for a stop. We disagree. We believe that any weaving in and out of the lane of travel is sufficient for a reasonable officer to believe that traffic laws are being broken whether through careless driving or driving while intoxicated. Thus, there was reasonable suspicion to stop Defendant's vehicle.

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

3

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**LINDA M. VANZI, Judge**